OPINION
Appellant James McTheny appeals from the April 13, 1999, Journal Entry of the Guernsey County Court of Common Pleas, Juvenile Division, granting permanent custody of James, Brandon, and Mark McTheny to the Guernsey County Children Services Board and terminating appellant's parental rights.
 STATEMENT OF THE FACTS AND CASE
Appellant James McTheny and Amy McTheny are the biological parents of James McTheny, date of birth December 18, 1995, Brandon McTheny, date of birth July 19, 1997, and Mark McTheny, date of birth June 24, 1998. On June 18, 1998, the Guernsey County Children Services Board filed a complaint in the Guernsey County Court of Common Pleas, Juvenile Division, alleging that James McTheny, Jr. and Brandon McTheny, were neglected/dependent children. The Guernsey County Children Services Board, in its complaint, specifically requested that the Court "inquire into the alleged neglect/dependency of said children, and grant a disposition of legal custody to Harold and Martha McTheny, with protective supervision provided by Guernsey County Children Services Board, or alternatively, grant a disposition of temporary custody to Guernsey County Children Services Board." Harold and Martha McTheny are appellant's parents and the childrens' paternal grandparents. At the time the complaint was filed, both James and Brandon were residing with their parental grandparents. Pursuant to a Journal Entry filed on June 26, 1998, the trial court issued an ex parte order of custody of Mark Allen McTheny, to the Guernsey County Children Services Board effective June 26, 1998. The court, in its entry, found that there was "probable cause to believe that the child may be in danger due to the substance abuse and history of domestic violence by both parents." Thereafter, on July 1, 1998, the Guernsey County Children Services Board filed a complaint alleging that Mark McTheny appeared to be a neglected/abused/dependent child as defined in Sections 2151.03,2151.031, and 2151.04 of the Revised Code. The Guernsey County Children Services Board, in its complaint, alleged that Mark Allen McTheny lacked proper parental care because of the faults or habits of his parents, suffered physical or mental injury that harmed or threatened his health because of the acts or omissions of his parents, and lacked adequate parental care by reason of the mental or physical condition of his parents. As evidenced by a Journal Entry filed on July 8, 1998, the trial court found probable cause to believe that Mark Allen McTheny was a dependent/neglected child. For such reason, the trial court granted temporary custody of Mark Allen McTheny to Harold and Martha McTheny, his paternal grandparents. In addition, the trial court ordered that the Children Services Board provide protective supervision for Mark. Pursuant to a Journal Entry filed on July 8, 1998, the case of James McTheny, Jr. and Brandon McTheny and the case of Mark Allen McTheny were combined. An amended complaint was filed by the Guernsey County Children Services Board on September 8, 1998, alleging that James McTheny, Jr., Brandon McTheny and Mark McTheny appeared to be neglected/dependent children as defined in Sections 2151.03 and 2151.04 of the Revised Code. The Children Services Board, in its amended complaint, specifically alleged, in part, that the three children lacked proper parental care because of the faults or habits of their parents, and lacked adequate parental care by reason of the physical condition of their parents. Following adjudicatory and dispositional hearings held on September 11, 1998, the trial court, pursuant to a Journal Entry filed on September 18, 1998, found that the three children were dependent children. For such reason, the trial court granted temporary custody of the three children to their paternal grandparents, Martha and Harold McTheny, and ordered that appellant and Amy Mctheny comply with the conditions of a case plan which was filed in the court by the Guernsey County Children Services Board. A Motion for Further Dispositional Orders was filed by the Guernsey County Children Services Board on December 7, 1998. The Children Services Board requested that the trial court modify the current disposition of temporary custody and grant permanent custody of James, Brandon and Mark McTheny to the Guernsey County Children Services Board for purposes of adoption. The Children Services Board specifically alleged in its motion as follows: "1. On September 9, 1998, at the Adjudication/Dispositional Hearing, Amy and James McTheny stated that they were no longer together as a couple. That evening, Amy and James McTheny were out drinking together and James McTheny was arrested for domestic violence against Amy McTheny and assault. James McTheny has been incarcerated since that date. 2. It was the understanding of Guernsey County Children Services that Amy and James McTheny were to follow the case plan filed July 28, 1998 (implemented voluntarily on March 5, 1998), for 30 days then an amended case plan, including the Diversion Team would be filed in court. James McTheny has been in jail since that time, consequently, has not followed through with the case plan objectives. Amy McTheny was discharged from Guernsey Health Choices for non-compliance and has made little or no progress in counseling at Guernsey Counseling Center. 3. Martha and Harold McTheny, paternal grandparents, reported to Guernsey County Children Services on November 2, 1998, that they would no longer be able to care for the children and are requesting that Guernsey County Children Services Board place them in foster care. 4. Amy and James McTheny have been involved with Guernsey County Children Services Board since September 26, 1998. Both have denied that there are any problems in their family and have not complied with Guernsey County Children Services Board in the past 14 months.
On January 28, 1999, the Guernsey County Children Services Board filed a Motion for Further Dispositional Orders requesting that the trial court modify the current disposition of protective supervision of the children with the Guernsey County Children Services Board to an order of temporary custody to the Guernsey County Children Services Board. As evidenced by a Journal Entry filed on February 22, 1999, the trial court granted the oral request of the Guernsey County Children Services Board to withdraw such motion. Thereafter, a permanent custody hearing was held on March 29, 1999. The following evidence was adduced at the hearing. As is stated above, James McTheny, Jr., Brandon McTheny, and Mark McTheny are the minor children of appellant James McTheny and Amy McTheny. At the time of the March 29, 1999, hearing, appellant was incarcerated in the Eastern Ohio Correctional Center due to a domestic violence incident that occurred in September of 1998, shortly after the hearing after which appellant's three children were adjudicated dependent children. At the March 29, 1999, hearing, appellant who had been in jail for approximately two months, testified that, at latest, he would be released from jail on July 13, 1999. Appellant testified that since July of 1996, he had been in jail at least six times for domestic violence. One domestic violence incident occurred while appellant was "extremely intoxicated." Transcript of Proceedings at 148. Patricia Johnson, a certified chemical dependency counselor of the Guernsey Health Choices, also testified at the March 29, 1999, hearing. Johnson testified that appellant was assessed twice and found to be alcohol dependent. Johnson also testified that "[i]ntensive out-patient treatment was proposed, and uh, a screening appointment was set for Genesis Health Care in Zanesville, however, he [appellant] never followed through and attended." Transcript of Proceedings at 8. According to Johnson, appellant did not accept that he had an alcohol problem. Neither appellant nor his wife, according to Johnson, "were committed to treatment or to really admitting that they are alcohol dependent." Transcript of Proceedings at 21. Martha L. McTheny, appellant's mother and the childrens' paternal grandmother, also testified at the March 29, 1998, hearing. Mrs. McTheny testified that she was in favor of the trial court severing all parental rights because "Harold and I gave up our rights because we couldn't sever the rights with my son and his wife and their problems with the boys. We felt that, um, we wanted them to have a stable home life, and um, the boys at their ages are very active and they needed a home that would be able to take and to do that and I didn't feel that my son would be able to take, do that, and I didn't feel that my son would be able to take care of them or my daughter-in-law would be able to take care of them." Transcript of Proceedings at 76. Mrs. McTheny also testified as to domestic violence incidents that occurred while appellant and his wife were living with Mrs. McTheny and her husband. Jolene McClay, a caseworker at Guernsey County Children Services, testified that one of the incidents involving domestic violence between appellant and his wife occurred in March of 1998 when the children were present. When asked what efforts the agency had made for reunification of the children with appellant and his wife, McClay testified that "we've just continued working, trying to get them to work on the Case Plan, having conferences with them, and visits with them, and they have never gotten to a point where I felt like they believed that there was a problem, they always seem to, Amy seemed to blame James for any problems that they had, James blamed Children Services for causing stress in their lives and that's why I believe that we didn't see any commitment to the case plan or any compliance with it." Transcript of Proceedings at 106-107. In addition to testimony regarding appellant's alcohol and domestic violence problems, testimony was presented at the March 29, 1999, hearing regarding the amount of time appellant had spent with James, Brandon and Mark. At the hearing, a chart was admitted into evidence establishing Amy McTheny had been the primary caretaker of James, Jr. for only approximately 28% of his life, had been the primary caretaker of Brandon for only approximately 10% of his life, and that Amy McTheny had never been the primary caretaker for Mark. Appellant, when questioned at the March 29, 1999, hearing, admitted that James, Brandon and Mark had spent even less time with him than with Amy. At the conclusion of the March 29, 1999, hearing, the Guardian Ad Litem testified as follows: "I've struggled with this case because I feel that both parents have some significant mental health issues that have probably impaired their ability to fully comply with the case plan. However, I don't feel that the conditions of the plan were unusual under the circumstances. I don't think that they demanded too much, and the Agency did attempt to work with this family for almost a year before they filed the initial complaint. Um, I think that the exhibit that we have here with the percentage of time spent with the mother and then the testimony of Mr. McTheny [appellant] as to the amount of time spent with him is probably the most significant point here today. I, um you know, I think that Mr. McTheny [appellant] is probably on the road to recovery and that's good, he's not in the position right now to assume custody of these children and the children do need a stable environment. Especially now at their age. Their [sic] at a really critical stage, all three of them, in their development. Have issues of bonding and develop their personalities, and they develop their feeling of security at this age." Transcript of Proceedings at 170. The Guardian Ad Litem, in a report filed with the trial court on the same day as the hearing, had stated that appellant was unable to care for Brandon, Mark and James due to his incarceration and that "[p]rior to his incarceration, he [appellant] also showed an unwillingness to completely cooperate with the case plan." For these reasons, the Guardian recommended that permanent custody of the children be granted to the Guernsey County Children Services Board. Based on the testimony adduced at trial as well as the Guardian Ad Litem's recommendation, the trial court, at the conclusion of the March 29, 1999, hearing, granted permanent custody of Mark, Brandon and James McTheny to the Guernsey County Children Services Board. The trial court, specifically stated as follows on the record in rendering its decision: "The evidence is clear and convinced [sic] that the father [appellant] has been referred to at least two local programs: the uh, Guernsey County Mens Program [GUMP] and also Six County, Guernsey Counseling Center. He [appellant] did not complete either of those programs. Further, the father has testified, and it is undisputed that he has been in jail at least six times since July of 1996 because of his temper and physical assaultive behavior." Transcript of Proceedings at 172. The trial court further found that "for the near and immediate and intermediate future these children will remain dependent children." Transcript of Proceedings at 172, 173. The trial court, however, did correct the record to indicate that appellant had completed the GUMP Program. The trial court memorialized its decision in a Journal Entry filed April 13, 1999, in which the trial court made the following conclusions of law: "1. By clear and convincing evidence, the court finds that it is in the best interest of the children, James McTheny, Jr., Brandon McTheny, and Mark McTheny that permanent custody be granted to the Guernsey County Childrens Services Board due to the fact that the parents are physically and mentally incapable of caring for the needs of their children. ORC 2151.414(B). 2. The Court finds the permanent severing of the parental rights will not significantly effect the children. ORC 2151.414(D)(2). 3. The Court finds that the custodial history of the children is that they have been in the care of their grandparents and their progress in that care has been significant due to the efforts and stability of the grandparents home. ORC 2151.414(D)(4). 4. The Court finds that the childrens need for a legally secure permanent placement cannot be achieved without a grant of permanent custody to the Agency. ORC.2151.414(D)(5). 5. The Court finds that the children cannot be placed with their parents and should not be placed with their parents. ORC. 2151.414(E)." The court further found that the children would remain to be dependent children in the future. For such reason, the trial court terminated both appellant's and Amy McTheny's parental rights. It is from the April 13, 1999, Journal Entry that appellant prosecutes his appeal, raising the following assignment of error:
 THE DECISION OF THE TRIAL COURT TO GRANT PERMANENT CUSTODY TO GUERNSEY COUNTY CHILDREN SERVICES BOARD WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
This case has been assigned to the court's accelerated docket.
 I
Appellant, in his sole assignment of error, maintains that the trial court's decision to grant permanent custody of Brandon, James and Mark McTheny, appellant's three children, to the Guernsey County Children Services Board was against the manifest weight of the evidence. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. V. Foley Construction (1978), 54 Ohio St.2d 279. The relevant statute is R.C. 2151.414. The statute provides, in pertinent part: "(B) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned . . . and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;" * * *
In determining the best interest of a child, R.C. 2151.414(D) states:
 "(D) . . . the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through his guardian al litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of a public children services agency or private child placing agency . . . for twelve or more months of a consecutive twenty-two month period . . .;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (12) of this section apply in relation to the parents and child."
We find the trial court's finding that it was in the childrens' best interests to grant permanent custody to the Guernsey County Children Services Board is not against the manifest weight of the evidence. Testimony was adduced at trial that appellant had significant alcohol related problems that led to at least six arrests for domestic violence against the childrens' mother since July of 1996. Due to his repeated incarceration, appellant was unable to complete counseling that was recommended by the Guernsey County Children Services Board. Because of their parents' alcohol and other problems, James, Mark and Brandon had been placed in the temporary custody of their paternal grandparents, appellant's parents. At the March 29, 1999, hearing, Martha McTheny, appellant's mother, testified that Brandon had been living in her house for 17 months as of the time of the hearing and that she had been involved in James' life since he was about four or five months old. Mrs. McTheny further testified that she was unable to care for the three children and that she was unaware of any other relatives who could take care of the children. In addition, testimony was adduced at the hearing regarding the limited period of time that appellant spent with his children since the time of their births. For such reasons, the Guardian Ad Litem testified at the March 29, 1999, hearing that appellant was "not in the position right now to assume custody of these children and the children do need a stable environment. Especially now at their age. They're at a really critical stage, all three of them, and their development. Have issues of bonding and develop their personalities, and they develop their feeling of security at this age." Transcript of Proceedings at 170. At the time of the March 29, 1999, hearing, appellant had been in jail for approximately two months on a domestic violence charge against the childrens' mother. Based on the foregoing, we find the trial court's determination that it was in the childrens' best interest to grant permanent custody of them to the Guernsey County Children Services Board is not against the manifest weight of the evidence. However, a best interest determination is not sufficient to grant permanent custody of a child to an agency and divest parents of their parental rights. In the instant case, the trial court further found that "the children cannot be placed with their parents and should not be placed with their parents." O.R.C. 2151.414(E)(8) states that a trial court shall enter a finding that a child cannot be placed with either parent within a reasonable time or should not be placed with either parent if "[t]he parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child." While the trial court did not specifically cite to R.C. 2151.414(E)(8) in its April 13, 1999, Judgment Entry, we find that there was clear and convincing evidence that would support a finding that appellant, due to his numerous incarcerations, was unable to care for Mark, James and Brandon. Evidence was adduced at the March 29, 1999, hearing that appellant had been in jail at least six times since July of 1996 for domestic violence. At the time of the March 29, 1999, hearing, appellant was incarcerated for domestic violence and had been incarcerated for approximately two months. Appellant further testified that because of his incarceration, he would not be available until at least July 30, 1999. Appellant also acknowledged that because of his repeated incarcerations, he had been unable to spend much time with any of his three children over the course of their lifetimes. Based on the foregoing, we find that the trial court did not error in granting permanent custody of the children with the Guernsey County Children Services Board. Such decision was not against the manifest weight of the evidence.
Appellant's sole assignment of error is overruled.
The Judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is affirmed.
By: Edwards, J. Gwin, P.J. and Farmer, J. concurs.